UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 21cr2909-BAS |
|---|---|
| Plaintiff, | ORDER OF CRIMINAL FORFEITURE |
| v. | |
| STEPHEN CALHOUN (3),<br>aka Baby Brivv,<br>aka Steph Bo, | |
| Defendant. | |

WHEREAS, in the Indictment, the United States sought forfeiture of all right, title, and interest in property of Defendant STEPHEN CALHOUN ("Defendant"), pursuant to Title 18, United States Code, Section 1963 as property constituting and derived from any proceeds the Defendant obtained, directly or indirectly, as the result of the offense alleged in Count 1, in violation of Title 18, United States Code, Section 1962, and pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) as property constituting and derived from any proceeds Defendant obtained from the offenses alleged in Counts 3, 4, 6, 7, 8, and 9 alleging violations of Title 18, United States Code, Sections 1951, 924(c), as charged in the Indictment; and

WHEREAS, on or about July 18, 2024, Defendant pled guilty before Magistrate Judge Michael S. Berg to Counts 1, 3, 4, and 6 of the Indictment which included

1 consents to the forfeiture allegations of the Indictment, consents to forfeiture of all
2 property seized in connection with the case, and entry of a forfeiture money judgment
3 in the amount of $52,044.40, representing the amount of proceeds Defendant
4 personally obtained from the offenses charged in Counts 1, 3, 4, and 6 of the
5 Indictment, which forfeiture money judgment shall be included and incorporated as
6 part of the judgment in this case; and

7     WHEREAS, on August 9, 2024, this Court accepted the guilty pleas of
8 Defendant; and

9     WHEREAS, by virtue of the admissions of the Defendant set out in the plea
10 agreement and forfeiture addendum, the Court hereby finds that $52,044.40 represents
11 the amount of proceeds Defendant personally obtained from the racketeering activity,
12 Hobbs Act robbery, and Brandishing a Firearm During and in Relation to a Crime of
13 Violence offenses, which Defendant personally received directly as a result of the
14 offenses set forth in Counts 1, 3, 4, and 6 of the Indictment pursuant to Title 18, United
15 States Code, Sections 1963(a)(3) and 981(a)(1)(C), and Title 28, United States Code,
16 Section 2461(c); and

17     WHEREAS, by virtue of said guilty pleas and the Court's findings, the
18 United States is now entitled to an Order of Forfeiture in its favor against the Defendant
19 in the form of a forfeiture money judgment representing the amount of proceeds
20 Defendant personally obtained from the offenses in the amount of $52,044.40, pursuant
21 to Title 18, United States Code, Sections 1963(a)(3) and 981(a)(1)(C), and Title 28,
22 United States Code, 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal
23 Procedure; and

24     WHEREAS, by virtue of the facts set forth in the plea agreement and financial
25 addendum, the United States has established the requisite nexus between the
26 $52,044.40 forfeiture money judgment and the offenses set forth in Counts 1, 3, 4, and
27 6 of the Indictment and

28

1   WHEREAS, the Defendant has agreed that the provisions for the substitution of assets as provided in Title 18, United States Code, Section 1963(m) and Title 28, United States Code, Section 2461(c) exist and has agreed the United States may take actions to collect the forfeiture money judgment; and

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based on the guilty pleas of the Defendant to the Indictment the United States is entitled to a forfeiture money judgment against Defendant in the amount of $52,044.40 pursuant to Title 18, United States Code, Sections 1963(a)(3), 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), representing the proceeds Defendant personally obtained from the offenses of conviction, which forfeiture money judgment is in favor of the United States against Defendant STEPHEN CALHOUN, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

2. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture money judgment and collecting and enforcing it; and

3. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

4. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

5. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $52,044.40 to satisfy the forfeiture money judgment in whole or in part; and

6. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

//
//

7. This order shall be incorporated and included as part of the judgment in this case when Defendant is sentenced.

DATED: December 16, 2024

_____
Honorable Cynthia Bashant
United States District Judge